## ELWELL *v.* THE GEORGIA.[1]

*(District Court, E. D. New York.    October 6, 1887.)*

1. BOTTOMRY—VESSEL IN DISTRESS—FAILURE TO NOTIFY OWNER—WHEN JUS-
TIFIABLE.
    Where no speedy means of communication exist between the place where
    a vessel is in distress and the place of residence of the owner, it is permissi-
    ble for the master to raise money on bottomry without first notifying the
    owner.
2. SAME—TAKING CHARGE OF DISTRESSED VESSEL.
    A sum of money was paid to a bottomry lender, who was master of another
    vessel, for allowing his mate to take charge of the vessel borrowing on bot-
    tomry.    On suit brought on the bond, *held,* while allowing the bond, that it
    should be reduced by the amount so paid.

In Admiralty.

The brig Georgia was in distress in the harbor of Old Providence, her
master and some of her crew having died, and the vessel being in need
of supplies and without money.    Money was advanced to her by libel-
ant's assignor on request of the consul, and a new master was appointed,
who executed a bottomry bond for the money so advanced.    No notice
was given the owner of any intention to raise money on bottomry.    The
vessel hailed from Nassau, N. P., being under the English flag.    All
the proof as to the residence of her nominal owner was that the agent in
New York had heard more than a year before that he was in Matanzas,
Cuba.    There is no telegraphic communication between Old Providence
and New York, where the owner's agent resided, and a letter sent between
the two places arrives in from nine to sixteen days.    One hundred dollars
was paid to the bottomry lender, who was master of another vessel, for
allowing his mate to take charge of the Georgia as master.

*Benedict, Taft & Benedict,* for libelant.
*Sidney Chubb,* for claimant.

BENEDICT, J.    I am of the opinion that the objection taken to the
validity of the bottomry bond sued on, based on the failure to notify the
owner of the intention to raise money on bottomry, is not well taken.
The circumstances proved are sufficient, in my opinion, to excuse the
failure to notify the owner.    I am also of the opinion that the bond
should be reduced by the sum of $100, being the amount charged as
paid to the bottomry lender for his permission to allow his mate to take
charge of the brig as master.    For the remainder of the bond, with the
maritime interest, the libelant may have a decree.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.